IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEITH J. ANTHONY, JR., #R61036,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-00435-SMY |
| ) | |
| **ROB JEFFREYS,** ) | |
| **ANTHONY WILLS,** ) | |
| **MAJOR ROWLAND,** ) | |
| **SHANE BLUMHORTS, and** ) | |
| **ZACHARY FENTON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Keith J. Anthony, Jr., an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was on suicide watch on November 8, 2020 in the North 2 cellhouse cell 503. During first shift, he was escorted by C/O Blumhorts to his daily crisis watch interview with mental health. When he returned to his cell, there was a white Styrofoam tray with four sharp pieces of metal on it. He called C/O Blumhorts to his cell and asked why the pieces of metal where placed in his cell. Blumhorts responded that they were a gift from him and Sergeant Fenton and to "do yourself a

favor and kill yourself .. so we won't eventually have to do it for you .…"

The next day Plaintiff refused to come out of his cell to see mental health. Mental health staff member Ms. LaCobley came to his cell door and he showed her the four pieces of metal and then swallowed them in front of her. He did that out of fear for his safety and further retaliation and harassment from Blumhorts and Fenton in an attempt to kill himself as instructed. He was rushed to Chester Memorial Hospital.

Upon his return to Menard, he was placed on continuous crisis watch in the healthcare unit. He initiated several hunger strikes while on continuous crisis watch and requested to speak to Warden Wills and Major Rowland to file a "keep separate" from Blumhorts and Fenton. Wills and Rowland refused to come speak to him even though he had been on hunger strike for 72 hours or more. Per IDOC hunger strike protocol, after 72 consecutive hours on hunger strike, the Major and the Warden are to conduct a face to face interview with the prisoner on hunger strike. Wills and Rowland were aware of the situation, denied him an opportunity to file a "keep separate," and took no further action. He eventually passed the pieces of metal and was placed back in a regular crisis watch cell where Blumhorts and Fenton were assigned. Wills and Rowland took no action to prevent his placement there.

Plaintiff filed a grievance against Fenton on February 19, 2019 and a PREA complaint against Blumhorts and Fenton on November 3, 2020. Blumhorts and Fenton had made verbal sexual advances and threats to him while he was on crisis watch. Plaintiff was taken off suicide crisis watch on November 27, 2020 and placed in a North 2 segregation cell. He has previously attempted to file "restraining orders" on other correctional officers in the North 2 cellhouse in the past for different forms of retaliation due to pending civil lawsuits (3:20-cv-00051-MAB and 3:20-cv-00620-RJD).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Blumhorts and Fenton for unconstitutional conditions of confinement, deliberate indifference to a serious medical need and/or intentional disregard of a known suicide risk for placing pieces of metal in Plaintiff's cell while he was on crisis watch and encouraging him to commit suicide. |
| Count 2: | Eighth Amendment claim against Wills and Rowland for failing to take action to protect Plaintiff after being made aware of the actions of Blumhorts and Fenton in placing pieces of metal in Plaintiff's cell while he was on crisis watch and encouraging him to commit suicide. |
| Count 3: | First Amendment retaliation claim against Blumhorts and Fenton for placing pieces of metal in Plaintiff's cell while he was on crisis watch and encouraging him to commit suicide in retaliation for him filing a grievance against Fenton, a PREA claim against Blumhorts and Fenton, and/or filing lawsuits. |
| Count 4: | Claim for a violation of IDOC policy against Defendants Wills and Rowland for failing to conduct a face to face interview with Plaintiff after he was on hunger strike for 72 hours. |
| Count 5: | State law claim for intentional infliction of emotional distress against Blumhorts and Fenton for placing pieces of metal in Plaintiff's cell while he was on crisis watch and encouraging him to commit suicide. |

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

---

[1] In the introductory paragraph of his Complaint, Plaintiff states he is alleging claims for mental anguish and confinement in segregation in violation of the Fourteenth Amendment.  Plaintiff has not alleged any facts in support of a Fourteenth Amendment claim and therefore any such claim is dismissed.  And, while mental anguish may be an element of damages, there is no separate tort claim for mental anguish.

**Preliminary Dismissals**

Plaintiff names IDOC Director Rob Jeffreys as a defendant but makes no allegations against him in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a § 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). To the extent Plaintiff named Jeffreys as a defendant for purposes of his request for injunctive relief, he also named Warden Wills, who is the proper defendant for that request. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). For these reasons, Jeffreys will be dismissed.

**Discussion**

**Count 1**

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). A claim involving attempted suicide includes an objective and a subjective element, which requires the plaintiff to show: (1) the harm that befell him was objectively, sufficiently serious, and posed a substantial risk to his health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to his health and safety. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825,

832 (1994)). Suicide, even attempted suicide, qualifies as a serious harm. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). In the case of an attempted suicide, the second element requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide, and (2) intentionally disregarded the risk. *Collins*, 462 F.3d at 761 (citations omitted). The allegations in the Complaint are sufficient to proceed on an Eighth Amendment claim against Blumhorts and Fenton.

**Count 2**

Plaintiff's claim against Warden Wills and Major Rowland is based on their alleged failure to take action to protect him from potential harm after they became aware of the actions of Blumhorts and Fenton. However, Plaintiff does not allege that he suffered any harm as a result of their failure to take action. "It is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). As such, Count 2 fails to state a claim and will be dismissed.

**Count 3**

Prison officials are prohibited from retaliating against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). "A complaint states a claim for retaliation when it sets forth a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). The allegations in the Complaint are sufficient to proceed on

a First Amendment retaliation claim against Defendants Blumhorts and Fenton.

### Count 4

Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or ... departmental regulations and police practices." *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). Therefore, Plaintiff cannot use § 1983 to enforce IDOC regulations and policies. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Nor can he assert a liberty interest arising from IDOC policies and/or procedures. *James v. Pfister*, 708 F. App'x 876, 879–80 (7th Cir. 2017). Count 4 will therefore be dismissed.

### Count 5

This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008).

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). The claim in Count 5, based on the same factual allegations as Count 1, will be allowed to proceed against Blumhorts and Fenton.

### Request for Injunctive Relief

In the Complaint, Plaintiff requests "immediate" transfer to another prison facility, but did not file a separate motion for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65. If Plaintiff wishes to pursue such a request, he must file a motion. Warden Wills, in his official capacity as the current Menard Warden, is the proper defendant for Plaintiff's request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Official capacity claims

Plaintiff asserts claims against each defendant in their individual and official capacities. As previously noted, Defendant Wills, in his official capacity, is the proper defendant for Plaintiff's claim for injunctive relief. However, the claims against Blumhorts and Fenton for monetary damages may only be brought against them in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005). A state official sued in his official capacity is not a "person" within the meaning of section 1983, and therefore an official capacity claims against an individual is really a suite for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, Plaintiff's claims against Blumhorts and Fenton in their official capacities are dismissed.

### Disposition

Counts 1, 3, and 5 will proceed against Defendants Shane Blumhorts and Zachary Fenton in their individual capacities. Counts 2 and 4 and Defendants Rob Jeffreys, Major Rowland, Anthony Wills (individual capacity) and the official capacity claims against Blumhorts and Fenton

are **DISMISSED without prejudice**. Anthony Wills will remain a defendant in his official capacity as the current Warden of Menard Correctional Center for purposes of Plaintiff's claim for injunctive relief. The Clerk of Court is **DIRECTED** to **TERMINATE** Jeffreys and Rowland as defendants.

The Clerk shall prepare for Blumhorts, Fenton, and Wills (official capacity only) : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the

costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 16, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.