# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEITH J. ANTHONY, JR., #R61036,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.   21-cv-435-RJD |
| | ) |
| **SHANE BLUMHORST, et. al,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**DALY, Magistrate Judge:**

    This matter is before the Court on a discovery dispute.  Plaintiff is an inmate of the Illinois Department of Corrections, formerly housed at Menard Correctional Center ("Menard) and currently housed at Pontiac Correctional Center (Doc. 31).  He filed this case pursuant to 42 U.S.C. §1983, alleging that on November 8, 2020, Defendants Shane Blumhorst and Zachary Fenton (both correctional officers at Menard) intentionally placed fingernail clipper pieces in his cell (via his food tray) while he was on crisis watch in November 2020 and encouraged him to commit suicide (Doc. 44).   Plaintiff alleges that prior to this incident, he had submitted a grievance regarding Defendant Fenton and a "PREA" (Prison Rape Elimination Act") complaint against Defendant Blumhorst.  Plaintiff's Amended Complaint contains claims against Defendants for violating his Eighth and First Amendment Constitutional rights, as well as a claim for intentional infliction of emotional distress (*Id*.).

    Plaintiff served Defendants with written discovery requests and now asks the Court to rule on Defendants' objections of undue burden, relevancy, proportionality to the needs of the case,

and overbreadth to Requests #4, #9, and #10.  To rule on Defendants' objections, the Court references the considerations listed in Federal Rule of Civil Procedure 26(b)(1).[1]

Plaintiff's Request #4 seeks "any and all documents that Defendants receive as part of any training while employed with the Illinois Department of Corrections."  The Court agrees that this Request is overly broad and not proportional to the needs of the case.  However, at the discovery dispute conference held on November 14, 2022, Plaintiff's attorneys clarified that they are seeking training documents provided to correctional officers regarding the transport and placement of meal trays to inmates on suicide watch.  A narrowed request for "training documents that were provided to *Defendants* from November 8, 2015 to November 8, 2020 regarding the transport and placement of meal trays to inmates on suicide watch at Menard Correctional Center" meets the confines of Rule 26 for this case.

Plaintiff's Request #9 seeks "any and all documents relating to personnel files of the Defendants."  The Court agrees that this Request is overly broad and not proportional to the needs of the case.  Counsel for Defendants explained that in a written response to Defendants' Interrogatories, Defendants informed Plaintiff that there are no documents related to the alleged November 2020 nail clippers/threat incident contained in their personnel files.  If there are other incidents regarding Plaintiff that are referenced in Defendants' personnel files, production of those documents is appropriate.[2]  Defendants' motivations towards Plaintiff are certainly relevant.

---

[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

[2] Defendants have already produced documents related to Plaintiff's PREA complaint against Defendant Blumhorst to Plaintiff.

Request #10 similarly asks for "any and all documents relating to any internal affairs report made against the Defendants throughout their entire employment with the Illinois Department of Corrections." The Court agrees with Defendants that this Request is overly broad and not proportional to the needs of the case. To the extent that there is an internal affairs report made against the Defendants that references an incident with Plaintiff (not limited to the incident in Plaintiff's Complaint), such a report would likely be relevant regarding Defendants' motivations towards Plaintiff.

Having considered the relevancy, proportionality and overbreadth of Plaintiff's requests, the Court now considers Defendants "relative access" to the documents sought in Requests #4, #9, #10. Defendants contend that the documents sought in Requests #4, #9, and #10 are the property of IDOC and therefore they cannot produce them. As Plaintiff points out, Defendants *have* produced other documents that are the property of IDOC (and not the property of Defendants), contrary to their position regarding Requests #4, #9, #10. Regardless, the Court cannot order Defendants to produce something that they do not have. Counsel for Plaintiff acknowledges that their remedy is to subpoena this information. In the interests of judicial economy and efficiency, the Court encourages Plaintiff to consider this Order when issuing a subpoena to IDOC and encourages IDOC to consider this Order when determining its response to Plaintiff's subpoena.

In any event, the parties asked the Court to rule on Defendants' objections of undue burden, relevancy, proportionality, and overbreadth. The Court finds as follows:

> (1) Plaintiff's Request for Production #4: "training documents that were provided to Defendants from November 9, 2015 to November 9, 2020 regarding the transport and placement of meal trays to inmates on suicide watch at Menard Correctional

      Center" is proper under Federal Rule of Civil Procedure 26.

(2) Plaintiff's Request #9: "any and all documents in the personnel files of Defendants regarding any incidents involving Plaintiff" is proper under Rule 26.

(3) Plaintiff's Request #10: "any and all documents relating to an internal affairs report made against the Defendants regarding any incident involving Plaintiff" is proper under Rule 26.

The undersigned is *not* ordering Defendants to produce documents that are not in their possession, custody, or control. The parties also did not raise any privilege or confidentiality issues with the undersigned at the discovery dispute conference and therefore, in making the above findings, the Court has not considered confidentiality or security issues.

On or before November 28, 2022, Defendants shall provide amended responses to Plaintiff's Requests for Production, either producing documents consistent with this Order or affirmatively stating that they do not possess or control such documents.

**IT IS SO ORDERED.**

**DATED: November 14, 2022**

                                                                  *s/* *Reona J. Daly*
                                                                    **Hon. Reona J. Daly**
                                                                    **United States Magistrate Judge**